Robert F. Kramer (SBN 181706)
rkramer@kramerday.com
David Alberti (SBN 220625)
dalberti@kramerday.com
Sal Lim (SBN 211830))
slim@kramerday.com
Russell Tonkovich (SBN 233280)
rtonkovich@kramerday.com
Zachariah A. Higgins (SBN 190225)
zhiggins@kramerday.com
Andrew Hamill (SBN 251156)
ahamill@kramerday.com
Robert Y. Xie (SBN 329126)
rxie@kramerday.com
**KRAMER DAY ALBERTI LIM**
**TONKOVICH & BELLOLI LLP**
577 Airport Boulevard, Suite 250
Burlingame, California 94010
Telephone: (650) 825-4300
Facsimile: (650) 460-8443

*Attorneys for Plaintiff*
Wildseed Mobile LLC

David J. Silbert
dsilbert@keker.com
Paven Malhotra
pmalhotra@keker.com
Anjali Srinivasan
asrinivasan@keker.com
Eric B. Hanson
ehanson@keker.com
William S. Hicks
whicks@keker.com
Kristen E. Lovin
klovin@keker.com
Morgan E. Sharma
msharma@keker.com
Catherine C. Porto
cporto@keker.com
**KEKER, VAN NEST & PETERS LLP**
633 Battery Street
San Francisco, CA 94111
Tel: 415-391-5400

*Attorneys For Defendants*
Google LLC and YouTube, LLC

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN FRANCISCO DIVISION

| | |
|---|---|
| WILDSEED MOBILE LLC, | Case No. 3:22-cv-04928-WHO |
| *Plaintiff,* | **[PROPOSED] STIPULATED PROTECTIVE ORDER** |
| v. | **JURY TRIAL DEMANDED** |
| GOOGLE LLC and YOUTUBE, LLC, | |
| *Defendants.* | |

WHEREAS, Wildseed Mobile LLC, the plaintiff in the above-captioned case, and Google LLC and YouTube, LLC, the defendants in the above-captioned case, hereafter collectively referred to as "the Parties," believe that certain information that is or will be encompassed by discovery demands by the Parties involves the production or disclosure of trade secrets, confidential business information, or other proprietary information;

WHEREAS, the Parties seek a protective order limiting disclosure thereof in accordance with Federal Rule of Civil Procedure 26(c):

THEREFORE, it is hereby stipulated among the Parties and ORDERED that:

1.  Each Party may designate as confidential for protection under this Order, in whole or in part, any document, information, or material that constitutes or includes, in whole or in part, confidential or proprietary information or trade secrets of the Party or a Third Party to whom the Party reasonably believes it owes an obligation of confidentiality with respect to such document, information, or material ("Protected Material"). Protected Material shall be designated by the Party producing it by affixing a legend or stamp on such document, information, or material as follows: "CONFIDENTIAL." The word "CONFIDENTIAL" shall be placed clearly on each page of the Protected Material (except deposition and hearing transcripts and natively produced documents) for which such protection is sought. For deposition and hearing transcripts, the word "CONFIDENTIAL" shall be placed on the cover page of the transcript (if not already present on the cover page of the transcript when received from the court reporter) by each attorney receiving a copy of the transcript after that attorney receives notice of the designation of some or all of that transcript as "CONFIDENTIAL." For natively produced Protected Material, the word "CONFIDENTIAL" shall be placed in the filename of each such natively produced document.

2.  Any document produced before issuance of this Order, including pursuant to the Court's Standing Order Governing Proceedings - Patent Cases, with the designation "Confidential" shall receive the same treatment as if designated "CONFIDENTIAL" under this order and any such documents produced with the designation "Confidential - Outside Attorneys' Eyes

Only" shall receive the same treatment as if designated "CONFIDENTIAL - OUTSIDE ATTORNEYS' EYES ONLY" under this Order, unless and until such document is re-designated to have a different classification under this Order.

3. With respect to documents, information, or material designated "CONFIDENTIAL," "CONFIDENTIAL - ATTORNEYS' EYES ONLY," "CONFIDENTIAL - OUTSIDE ATTORNEYS' EYES ONLY," or "CONFIDENTIAL - SOURCE CODE" ("DESIGNATED MATERIAL"),[1] subject to the provisions herein and unless otherwise stated, this Order governs, without limitation: (a) all documents, electronically stored information, and/or things as defined by the Federal Rules of Civil Procedure; (b) all pretrial, hearing or deposition testimony, or documents marked as exhibits or for identification in depositions and hearings; (c) pretrial pleadings, exhibits to pleadings and other court filings; (d) affidavits; and (e) stipulations. All copies, reproductions, extracts, digests, and complete or partial summaries prepared from any DESIGNATED MATERIALS shall also be considered DESIGNATED MATERIAL and treated as such under this Order.

4. A designation of Protected Material (*i.e.*, "CONFIDENTIAL," "CONFIDENTIAL - ATTORNEYS' EYES ONLY," "CONFIDENTIAL - OUTSIDE ATTORNEYS' EYES ONLY," or "CONFIDENTIAL - SOURCE CODE") may be made at any time. Inadvertent or unintentional production of documents, information, or material that has not been designated as DESIGNATED MATERIAL shall not be deemed a waiver in whole or in part of a claim for confidential treatment. Any party that inadvertently or unintentionally produces Protected Material without designating it as DESIGNATED MATERIAL may request destruction of that Protected Material by notifying the recipient(s), as soon as

---

[1] The term DESIGNATED MATERIAL is used throughout this Protective Order to refer to the class of materials designated as "CONFIDENTIAL," "CONFIDENTIAL - ATTORNEYS' EYES ONLY," "CONFIDENTIAL - OUTSIDE ATTORNEYS' EYES ONLY," or "CONFIDENTIAL - SOURCE CODE," individually and collectively.

reasonably possible after the producing Party becomes aware of the inadvertent or unintentional disclosure, and providing replacement Protected Material that is properly designated.   The recipient(s) shall then destroy all copies of the inadvertently or unintentionally produced Protected Materials and any documents, information, or material derived from or based thereon.

5.    "CONFIDENTIAL" documents, information, and material may be disclosed only to the following persons, except upon receipt of the prior written consent of the designating Party, upon order of the Court, or as set forth in paragraph 17 herein:

(a)    outside counsel of record in this Action[2] for the Parties;

(b)    employees of such counsel assigned to and reasonably necessary to assist such counsel in the litigation of this Action;

(c)    up to two in-house counsel for each of the Parties who is a member in good standing of at least one state bar and has responsibility for making decisions dealing directly with the litigation of this Action;

(d)    Up to and including three (3) designated officer level employees[3] of the Receiving Party, who either have responsibility for making decisions directly with the litigation in this action or who are assisting outside counsel in preparation for proceedings in this action, to the extent reasonably necessary for the litigation of this Action, who have signed the Undertaking in Appendix A, except that any Party may in good faith request the other Party's consent to designate one or more additional designated officer level employees, the other Party shall not unreasonably withhold such consent, and the requesting Party may seek leave of Court to designate such additional representative(s) if the requesting Party believes the other Party has unreasonably withheld such consent.

(e)    outside consultants or experts[4] (*i.e.*, not existing employees or affiliates of a Party

---

[2] This "Action" means Case No. 3:22-cv-04928-WHO (N.D. Cal.).

[3] Wildseed Mobile LLC's managers Steve Klein and Michael Jemal shall be included within the definition of "officer level employees" for purposes of this provision.

[4] For any such person, the curriculum vitae shall identify his/her (i) current employer(s), (ii) each person or entity from whom s/he has received compensation or funding for work in his or her

or an affiliate of a Party) retained for the purpose of this litigation, provided that: (1) such consultants or experts are not presently employed by the Parties or by an affiliate of a Party hereto for purposes other than this Action[5]; (2) before access is given, the consultant or expert has completed the Undertaking attached as Appendix A hereto and the same is served upon the producing Party with a current curriculum vitae of the consultant or expert, including a list of other cases in which the individual has provided a report or testified (at trial or deposition) and a list of companies that the individual has been employed by or provided consulting services pertaining to the field of the invention of the patent(s)-in-suit or the products accused of infringement within the last five years and a brief description of the subject matter of the consultancy or employment, at least ten (10) days before access to the Protected Material is to be given to that consultant or expert to object to and notify the receiving Party in writing that it objects to disclosure of Protected Material to the consultant or expert.  The Parties agree to promptly confer and use good faith to resolve any such objection.  If the Parties are unable to resolve any objection, the objecting Party may file a motion with the Court within fifteen (15) days of receipt of the notice, or within such other time as the Parties may agree, seeking a protective order with respect to the proposed disclosure.  The objecting Party shall have the burden of proving the need for a protective order.  No disclosure shall occur until all such objections are resolved by agreement or Court order[6];

(f)     independent litigation support services, including persons working for or as court reporters, graphics or design services, jury or trial consulting services, and photocopy, document imaging, and database services retained by counsel and reasonably necessary to assist counsel with the litigation of this Action; and

(g)     the Court and its personnel.

---

areas of expertise or to whom the s/he has provided professional services, including in connection with a litigation, at any time during the preceding five years; (iii) (by name and number of the case, filing date, and location of court) any litigation in connection with which the s/he has offered expert testimony, including through a declaration, report, or testimony at a deposition or trial, during the preceding five years.  If such consultant or expert believes any of this information is subject to a confidentiality obligation to a third-party, then the s/he should provide whatever information can be disclosed without violating any confidentiality agreements, and the Party seeking to disclose Protected Material to the consultant or expert shall be available to meet and confer with the designating Party regarding any such engagement.

[5] For avoidance of doubt, an independent expert or consultant retained (as opposed to employed) by a Party on another litigation would not be precluded under this provision.

[6] A party who has not previously objected to disclosure of Protected Material to an expert or whose objection has been resolved with respect to previously produced Protected Material shall not be precluded from raising an objection to an expert at a later time with respect to Protected Material that is produced after the time for objecting to such expert has expired or if new information about that expert is disclosed or discovered.

6.    A Party shall designate documents, information, or material as "CONFIDENTIAL" only upon a good faith belief that the documents, information, or material contains confidential or proprietary information or trade secrets of the Party or a Third Party to whom the Party reasonably believes it owes an obligation of confidentiality with respect to such documents, information, or material.

7.    Documents, information, or material produced in this Action, including but not limited to Protected Material designated as DESIGNATED MATERIAL, and the knowledge of the existence of such Protected Material (i) shall be used only for prosecuting, defending, or attempting to settle this Action, (ii) shall not be used for any business purpose, in connection with any other legal or administrative proceeding, including but not limited to any proceeding at the U.S. Patent and Trademark Office (or any similar agency of a foreign government), or directly or indirectly for any other purpose whatsoever, and (iii) shall not be disclosed to any person who is not entitled to receive such Protected Material as herein provided. All produced Protected Material shall be carefully maintained so as to preclude access by persons who are not entitled to receive such Protected Material, and any person or entity who obtains access to DESIGNATED MATERIAL or the contents thereof pursuant to this Order shall not make any copies, duplicates, extracts, summaries, or descriptions of such DESIGNATED MATERIAL or any portion thereof except as may be reasonably necessary in the litigation of this Action.  Any such copies, duplicates, extracts, summaries, or descriptions shall be classified DESIGNATED MATERIALS and subject to all of the terms and conditions of this Order.

8.    To the extent a producing Party believes that certain Protected Material qualifying to be designated CONFIDENTIAL is so sensitive that its dissemination deserves even further limitation, the producing Party may designate such Protected Material "CONFIDENTIAL - ATTORNEYS' EYES ONLY," or to the extent such Protected Material includes or substantially relates to computer source code and/or live data (that is, data as it exists residing in a database or databases) ("Source Code Material"), the producing Party may designate such Protected Material as "CONFIDENTIAL - SOURCE CODE."

9.      For Protected Material designated CONFIDENTIAL - ATTORNEYS' EYES ONLY, access to, and disclosure of, such Protected Material shall be limited to individuals listed in paragraphs 5(a–c) and (e-g); provided, however, that access by in-house counsel pursuant to paragraph 5(c) be limited to in-house counsel who exercise no competitive decision-making authority on behalf of the client.

10.     For Protected Material designated CONFIDENTIAL - OUTSIDE ATTORNEYS' EYES ONLY, access to, and disclosure of, such Protected Material shall be limited to individuals listed in paragraphs 5(a–b) and (e–g); provided, however, that the designating Party shall accommodate reasonable requests to provide summary information to in-house counsel designated pursuant to paragraph 5(c) who exercise no competitive decision-making authority on behalf of the client and reasonably require access to such information.

11.     For Protected Material designated CONFIDENTIAL - SOURCE CODE, the following additional restrictions apply:

(a)      Access to a Party's Source Code Material shall be provided only on "stand-alone" computer(s) (that is, the computer(s) may not be linked to any network, including a local area network ("LAN"), an intranet or the Internet). The stand-alone computer(s) may be connected to a printer. The stand-alone computer(s) may only be located within the continental United States at the offices of the producing Party's outside counsel or its vendors. The stand-alone computer(s) shall have disk encryption and be password protected. Use or possession of any input/output device (*e.g.,* USB memory stick, mobile phone or tablet, camera or any camera-enabled device, CD, floppy disk, portable hard drive, laptop, or any device that can access the Internet or any other network or external system, etc.) is prohibited while accessing the computer containing the source code. All persons entering the locked room containing the stand-alone computer(s) must agree to submit to reasonable security measures to ensure they are not carrying any prohibited items before they will be given access to the stand-alone computer(s). The producing Party may periodically "check in" on the activities of the receiving Party's representatives during any stand-alone computer review and may visually monitor the activities of the receiving Party's representatives from outside the room in which the stand-alone computer(s) is located, but only to ensure that no unauthorized electronic records of the Source Code Material and no information containing the Source Code Material are being created or transmitted in any way. The producing Party may not record (visually, audibly, or by other means), the activities of the receiving Party's representatives.

(b)      The receiving Party shall make reasonable efforts to restrict its requests for such access to the stand-alone computer(s) to normal business hours, which for purposes of this paragraph shall be 9:00 a.m. through 5:00 p.m. However, upon reasonable

-7-
STIPULATED PROTECTIVE ORDER - Case No. 3:22-cv-04928-WHO

notice from the receiving Party, the producing Party shall make reasonable efforts to accommodate the receiving Party's request for access to the stand-alone computer(s) outside of normal business hours. The Parties agree to cooperate in good faith such that maintaining the producing Party's Source Code Material at the offices of its outside counsel or its vendors shall not unreasonably hinder the receiving Party's ability to efficiently and effectively conduct the prosecution or defense of this Action.

(c)    The producing Party shall provide the receiving Party with information explaining how to start, log on to, and operate the stand-alone computer(s) in order to access the produced Source Code Material on the stand-alone computer(s).

(d)    The producing Party will produce Source Code Material in computer searchable format on the stand-alone computer(s) as described above. To the extent that the receiving party wishes to install any tools to view and search (but not compile) source code on the Source Code Computer, it shall provide notice of such tools at least ten (10) calendar days in advance of any requested inspection, and shall be solely responsible for providing any required licenses or installation medium for such tools.

(e)    Access to Source Code Material shall be limited to outside counsel and up to seven (7) outside consultants or experts[7] (*i.e.*, not existing employees or affiliates of a Party or an affiliate of a Party or competitor identified by the Producing Party with reasonable specificity) retained for the purpose of this litigation and approved to access such Protected Materials pursuant to paragraph 5(e) above. A receiving Party may include excerpts of Source Code Material in an exhibit to a pleading, expert report, or deposition transcript (collectively, "Source Code Exhibits"), provided that the Source Code Exhibits are appropriately marked under this Order, restricted to those who are entitled to have access to them as specified herein, and, if filed with the Court, filed under seal in accordance with the Court's rules, procedures, and orders.

(f)    To the extent portions of Source Code Material are quoted in a Source Code Exhibit, either (1) the entire Source Code Exhibit will be stamped and treated as CONFIDENTIAL - SOURCE CODE or (2) those pages containing quoted Source Code Material will be separately stamped and treated as CONFIDENTIAL - SOURCE CODE.

(g)    Except as set forth in this paragraph, no electronic copies or images of Source Code Material shall be made without prior written consent of the producing Party. The receiving Party may create an electronic copy or image of limited excerpts of

---

[7] For the purposes of this paragraph, an outside consultant or expert does not include the outside consultant's or expert's direct reports and other support personnel

Source Code Material only to the extent necessary to create Source Code Exhibits or any drafts of these documents[8]. The receiving Party shall only include such excerpts as are reasonably necessary for the purposes for which such part of the Source Code Material is used. Images or copies of Source Code Material shall not be included in correspondence between the parties (references to production numbers shall be used instead) and shall be omitted from pleadings and other papers except to the extent permitted herein. The receiving Party may create an electronic image of a selected portion of the Source Code Material only when the electronic file containing such image has been encrypted using commercially reasonable encryption software including password protection. The communication and/or disclosure of electronic files containing any portion of Source Code Material shall at all times be limited to individuals who are authorized to see Source Code Material under the provisions of this Protective Order. Additionally, all electronic copies must be labeled "CONFIDENTIAL - SOURCE CODE." If Source Code Documents are filed with the Court, they must be filed under seal in accordance with the Court's rules, procedures and orders.

(h)    No person shall copy, email, transmit, upload, download, print, photograph, or otherwise duplicate any portion of the designated "CONFIDENTIAL - SOURCE CODE" material, except that the Receiving Party may request paper copies ("Source Code Printouts") of limited portions of the Source Code Material, but only if and to the extent reasonably necessary for the preparation of court filings, pleadings, expert reports, or other papers, or for deposition or trial. The receiving Party shall not request paper copies for the purposes of reviewing the source code in the first instance; such review shall only be done electronically as set forth in paragraph (a). In no event may the Receiving Party print more than 25 consecutive pages and an aggregate total of 500 pages per patent family[9] during the duration of the case without prior written approval by the producing Party. Within three (3) business days or such additional time as necessary due to volume requested, the producing Party will provide the requested material on watermarked or colored paper bearing Bates numbers and the legend "CONFIDENTIAL - SOURCE CODE" unless objected to as discussed below. At the receiving Party's request, up to three (3) additional sets (or subsets) of printed source code may be requested and provided by the producing Party in a timely fashion. The receiving party may request to print additional pages beyond the aforementioned limits; the parties will meet and confer in good faith within three (3) business days regarding such a request, and such a request will not be unreasonably denied. If the producing party does not agree to the request of the receiving party, the producing party will not object to the receiving party's request for expedited briefing regarding the

---

[8] Drafts shall only include those excerpts the receiving Party reasonably believes will be included in the final version.

[9] The asserted patents shall be grouped into the following three patent families: (1) the '414 Patent; (2) the '169 Patent; and (3) the '021, '040, and '960 Patents.

producing party's denial of the request. The producing Party may challenge the amount of source code requested in hard copy or whether the source code requested in hard copy form is reasonably necessary to any case preparation activity pursuant to the dispute resolution procedure and timeframes set forth in Paragraph 20 whereby the producing Party is the "requesting Party" and the receiving Party is the "designating Party" for purposes of dispute resolution.  Contested Source Code Printouts do not need to be produced to the receiving Party until the matter is resolved by the Court.

(i)    If the receiving Party's outside counsel, consultants, or experts obtain Source Code Printouts, the receiving Party shall ensure that such outside counsel, consultants, or experts keep the Source Code Printouts under their direct control in a secured locked area in the offices of such outside counsel, consultants, or exerts.  The receiving Party may also temporarily keep the Source Code Printouts at: (i) the Court for any proceedings(s) relating to the Source Code Material, for the dates associated with the proceeding(s); (ii) the sites where any deposition(s) relating to the Source Code Material are taken, for the dates associated with the deposition(s); and (iii) any intermediate location reasonably necessary to transport the Source Code Printouts to a Court proceeding or deposition, provided that the printouts or photocopies are kept in a secure manner that ensures access is limited to the persons authorized under this Order.

(j)    A producing Party's Source Code Material may only be transported by the receiving Party at the direction of a person authorized under paragraph 11(e) above to another person authorized under paragraph 11(e) above on paper via hand carry or Federal Express (with tracking and signature).      Source Code Material may not be transported or transmitted electronically over a network of any kind, including a LAN, an intranet, or the Internet.  Source Code Material may only be transported electronically as is reasonably necessary for filing any Source Code Material with the Court or serving such Source Code Material on another Party.

(k)    The receiving Party's outside counsel and/or expert shall be entitled to take notes as set forth herein:

  i.    To enable electronic note taking during Source Code reviews, the producing Party shall also provide an additional "note-taking" computer loaded with at least Microsoft OneNote and Microsoft Word software, unless otherwise agreed by the producing and the receiving Parties. The note-taking computer shall either be a portable laptop or be located in close proximity to the stand-alone computer(s) to facilitate electronic note taking.

  ii.    At the beginning of a Source Code review session, the producing Party shall, when requested by the reviewer, upload to the note-taking computer an encrypted notes file (e.g., using an encrypted USB thumb drive from the producing Party).

  iii.    The reviewer may then decrypt and open the notes file using the note-taking computer for the purpose of taking notes during the Source Code

review session. During the Source Code review session, the Supplier may disable any input and/or output devices on the note-taking computer (e.g., disable any USB ports, Wi-Fi or Ethernet connectivity, and/or optical disc drives) except as necessary to enable the reviewer to take notes (e.g., enable mouse and keyboard).

iv.   At the end of a Source Code review session, the reviewer may save any notes in the same encrypted notes file. The producing Party shall, when requested by the reviewer, download from the note-taking computer the encrypted notes file and provide an electronic copy to the reviewer, which shall be designated CONFIDENTIAL—SOURCE CODE and treated accordingly under the terms of the Protective Order.

v.    Notwithstanding this provision, no reviewer may at any time copy or include in electronic notes any portions or sections of the Source Code. Reviewers using electronic note-taking will be directed by undersigned counsel not to copy or include in electronic notes any portions or sections of the Source Code. Furthermore, the producing Party may have a neutral party ("Notes Examiner"), who is not an attorney and has no involvement in this litigation or any other litigation (e.g., an employee of the IT department at the law firm of the producing Party), review the notes before they are encrypted solely to confirm the notes do not include prohibited replications of source code (other than directory paths, file paths, names, and line numbers). The Notes Examiner may examine the notes file solely for the purpose of determining compliance with this protective order. The Notes Examiner may not discuss any aspect of the notes file with the producing Party, or any affiliate or representative of the producing Party, save to disclose the Notes Examiner's belief that a violation of the protective order has occurred and the basis for that belief. To the extent the producing Party claims a violation of the protective order arising from the Notes Examiner's review of notes, the producing Party shall not have an automatic right to production or receipt of the notes, but may request in camera inspection of the notes by the Court for a determination of whether a protective order violation has occurred and for appropriate relief, in the Court's discretion.

vi.   If requested by the producing Party, a copy of the encrypted notes file shall remain on the note-taking computer, so long as it remains encrypted.

vii.  If requested by the producing Party, a representative for the producing Party may oversee the transfer of the encrypted notes file from the secure data storage device to the note-taking computer, and vice-versa, without reviewing the substance of the electronic notes.

viii. No notes shall be made or stored on the inspection computer, or left behind at the site where the inspection computer is made available, and any such notes shall be deleted or destroyed by the producing Party, without reviewing the substance of the notes, upon discovery.

ix.   The reviewer shall also be entitled to take handwritten notes relating to the Source Code but may not copy the Source Code into the notes. Such notes

will be stamped and treated as "CONFIDENTIAL SOURCE CODE" and treated accordingly under the terms of this Protective Order.

x. No copies of all or any portion of the Source Code may leave the room in which the Source Code is inspected, except as otherwise provided herein. Furthermore, no other written or electronic record of the Source Code is permitted except as otherwise provided herein.

xi. The log of such notes need not be produced to any other party absent Court Order (*e.g.*, potentially in connection with a Protective Order violation motion).

(l) A list of names of persons who will review Source Code Material on the stand-alone computer(s) will be provided to the producing Party in conjunction with any written (including email) notice requesting inspection. Prior to the first inspection of any Source Code Material on the stand-alone computer(s), the receiving Party shall provide five (5) business days' notice to schedule the initial inspection with the producing Party. The receiving Party shall provide three (3) business days' notice in advance of scheduling any additional inspections. Such notice shall include the names and titles for every individual from the receiving Party who will attend the inspection. The producing Party may maintain a daily log of the names of persons who enter the locked room to view the source code and when they enter and depart;

(m) The receiving Party's outside counsel shall maintain a log of all copies of the Source Code Printouts (received from a producing Party) that are delivered by the receiving Party to any person and a log of any electronic images of Source Code Material. The log shall include the names of the recipients and reviewers of copies and locations where the copies are stored. Upon request by the producing Party, the receiving Party shall provide reasonable assurances and/or descriptions of the security measures employed by the receiving Party and/or person that receives a copy of any portion of the source code; and

(n) All copies of any portion of the Source Code Printouts in whatever form shall be securely destroyed if they are no longer in use. Copies of Source Code Printouts that are marked as deposition exhibits shall not be provided to the Court Reporter or attached to deposition transcripts; rather, the deposition record will identify the exhibit by its production numbers.

12. Absent written consent from the designating Party, any person associated or affiliated with the receiving Party, and permitted to receive the designating Party's Protected Material that is designated CONFIDENTIAL - ATTORNEYS' EYES ONLY, CONFIDENTIAL - OUTSIDE ATTORNEYS' EYES ONLY, and/or CONFIDENTIAL - SOURCE CODE (collectively "HIGHLY SENSITIVE MATERIAL"), who obtains, receives, has access to, or otherwise learns, in whole or in part, said designating Party's HIGHLY SENSITIVE MATERIAL under this Order shall not prepare, prosecute, supervise, or assist in the

preparation or prosecution of any patent application pertaining to (a) any subject matter described in the "Field of the Invention" as set out in Column 1 of each patent asserted in this Action, and (b) the patents asserted in this Action and any patent or application claiming priority to or otherwise related to the patents asserted in this Action (collectively the "Prohibited Subject Matters") during the pendency of this Action and for eighteen (18) months after its conclusion, including any appeals. For purposes of this paragraph, "prosecution" includes any activity related to (i) the preparation or prosecution (for any person or entity) of patent applications, including among others reissue applications, or (ii) directly or indirectly participating, drafting, amending, advising, or otherwise affecting the scope or maintenance of patent claims.[10]  To ensure compliance with the purpose of this provision, each Party shall create an "Ethical Wall" between those persons with access to the other party's HIGHLY SENSITIVE MATERIAL and any individuals who prepare, prosecute, supervise or assist in the preparation or prosecution of any patent application pertaining to the Prohibited Subject Matters. Nothing in this Section shall prevent any attorney from sending non-confidential prior art to an attorney involved in patent prosecution for purposes of ensuring that such prior art is submitted to the U.S. Patent and Trademark Office (or any similar agency of a foreign government) to assist a patent applicant in complying with its duty of candor.  Nothing in this provision shall prohibit any attorney of record in this litigation from discussing with his/her client any aspect of this case that is reasonably necessary for the prosecution or defense of any claim or counterclaim in this litigation. Nothing in this provision shall apply to reexamination proceedings, *inter partes* review, covered business method review, or post grant review, except that such prosecution bar shall extend to direct or indirect assistance and/or direct or indirect participation in discussions relating to drafting or amending claims in reexamination, *inter partes* review, covered business method review, or post grant review proceedings.

---

[10] Prosecution includes, for example, original prosecution and reissue proceedings.

13.    Disclosure of Protected Material shall be subject to all applicable laws and regulations relating to the export of technical data contained in such Protected Material, including the release of such technical data to foreign persons or nationals in the United States or elsewhere.  Each Party receiving Protected Material shall comply with all applicable export control statutes and regulations. *See, e.g.*, 15 C.F.R. § 734.2(b).  No Protected Material may leave the territorial boundaries of the United States of America or be made available to any foreign national who is not (i) lawfully admitted for permanent residence in the United States, or (ii) identified as a protected individual under the Immigration and Naturalization Act (8 U.S.C. § 1324b(a)(3)).  Without limitation, this prohibition extends to Protected Material (including copies) in physical and electronic form.  The viewing of Protected Material through electronic means outside the territorial limits of the United States of America is similarly prohibited.  Notwithstanding this prohibition, Protected Material, exclusive of material designated CONFIDENTIAL - SOURCE CODE, and to the extent otherwise permitted by law, may be taken outside the territorial limits of the United States if it is reasonably necessary for a deposition taken in a foreign country.  The restrictions contained within this paragraph may be amended through the consent of the producing Party to the extent that such agreed to procedures conform with applicable export control laws and regulations.

14.    Nothing in this Order shall require production of documents, information, or other material that a Party contends is protected from disclosure by the attorney-client privilege, the work product doctrine, or other privilege, doctrine, or immunity.  Pursuant to Federal Rule of Evidence 502(d) and (e), if documents, information, or other material subject to a claim of attorney-client privilege, work product doctrine, or other privilege, doctrine, or immunity is produced, such production shall in no way prejudice or otherwise constitute a waiver of, or estoppel as to, any such privilege, doctrine, or immunity.  Any Party that produces documents, information, or other material it reasonably believes are protected under the attorney-client privilege, work product doctrine, or other privilege, doctrine, or immunity may obtain the return of such documents, information, or other material by notifying the

recipient(s) and providing a privilege log for the produced documents, information, or other material.    The recipient(s) shall gather and return all copies of such documents, information, or other material to the producing Party, except for any pages containing privileged or otherwise protected markings by the recipient(s), which pages shall instead be destroyed and certified as such to the producing Party.

15.    There shall be no disclosure of any DESIGNATED MATERIAL by any person authorized to have access thereto to any person who is not authorized for such access under this Order. The Parties are hereby ORDERED to safeguard all such documents, information, and material to protect against disclosure to any unauthorized persons or entities. If a receiving Party or person authorized to access Protected Material ("Authorized Recipient") discovers any loss of Protected Material or a breach of security, including any actual or suspected unauthorized access, relating to another Party's Protected Material, the receiving Party or Authorized Recipient shall: (1) promptly stop the unauthorized breach; (2) promptly (within 72 hours) provide written notice to the designating Party of such breach, including information regarding the size and scope of the breach; and (3)  investigate and make reasonable efforts to remediate the effects of the breach. In any event, the receiving Party or Authorized Recipient shall promptly take all necessary and appropriate corrective action to terminate any unauthorized access.

16.    Nothing contained herein shall be construed to prejudice any Party's right to use any DESIGNATED MATERIAL in taking testimony at any deposition or hearing provided that the DESIGNATED MATERIAL is only disclosed to a person(s) who is (i) eligible to have access to the DESIGNATED MATERIAL by virtue of his or her employment with the designating party, (ii) identified in the DESIGNATED MATERIAL as an author, addressee, or copy recipient of such information; (iii) although not identified as an author, addressee, or copy recipient of such DESIGNATED MATERIAL, has, in the ordinary course of business, seen such DESIGNATED MATERIAL; (iv) court reporters and videographers; (v) the Court; or (vi) other persons entitled hereunder to access to DESIGNATED MATERIAL.  DESIGNATED MATERIAL shall not be disclosed to any

other persons unless prior authorization is obtained from counsel representing the producing Party or from the Court.[11]  Parties are encouraged to give the other Parties reasonable notice if they reasonably expect a deposition, hearing, or other proceeding to include protected Material so that the other Parties can ensure that only authorized individuals are present at those proceedings.[12]  Subject to any challenge to a particular designation under paragraph 20, the Parties will not oppose any reasonable request by the designating Party that the courtroom be sealed, if allowed by the Court, during the presentation of any testimony, evidence, or argument relating to or involving the use of any Protected Material.

17.  Parties may, at the deposition or hearing or within thirty (30) days after receipt of a deposition or hearing transcript, designate the deposition or hearing transcript or any portion thereof as "CONFIDENTIAL," "CONFIDENTIAL - ATTORNEYS' EYES ONLY," "CONFIDENTIAL - OUTSIDE ATTORNEYS' EYES ONLY," or "CONFIDENTIAL - SOURCE CODE" pursuant to this Order.  Access to the deposition or hearing transcript so designated shall be limited in accordance with the terms of this Order.  Until expiration of the 30-day period, the entire deposition or hearing transcript shall be treated as CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY..

18.  Any DESIGNATED MATERIAL that is filed with the Court shall be filed under seal and shall remain under seal until further order of the Court.  The filing Party shall be responsible for informing the Clerk of the Court that the filing should be sealed and for placing the

---

[11] In the event a non-Party witness is authorized to receive Protected Material that is to be used during his/her deposition but is represented by an attorney not authorized under this Order to receive such Protected Material, the attorney must provide prior to commencement of the deposition an executed Undertaking attached as Appendix A.  In the event such attorney declines to sign the Undertaking prior to the examination, the Parties, by their attorneys, shall jointly seek a protective order from the Court prohibiting the attorney from disclosing Protected Material in order for the deposition to proceed.

[12] Lack of such notice does not constitute a violation of this Order.

legend "FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER" above the caption and conspicuously on each page of the filing.  Exhibits to a filing shall conform to the labeling requirements set forth in this Order.  If a pretrial pleading filed with the Court, or an exhibit thereto, discloses or relies on confidential documents, information or material, such confidential portions shall be redacted to the extent necessary and the pleading or exhibit filed publicly with the Court.  At any point, a Party may seek to designate and protect previously produced Protected Material as Highly Sensitive Documents/Information (HSD/HIS).  The Parties will follow any applicable court orders regarding the procedures for HSD/HSI.

19. The Order applies to pretrial discovery.  Nothing in this Order shall be deemed to prevent the Parties from introducing any DESIGNATED MATERIAL into evidence at the trial of this Action, or from using any information contained in DESIGNATED MATERIAL at the trial of this Action, subject to any pretrial order issued by this Court.  Subject to any challenges under paragraph 20, the Parties will not oppose any reasonable request by the producing Party that the courtroom be sealed, if allowed by the Court, during the presentation of any testimony, evidence, or argument relating to or involving the use of any Protected Material.

20. A Party may request in writing to the designating Party that the designation given to any DESIGNATED MATERIAL be modified or withdrawn.  If the designating Party does not agree to re-designation within ten (10) days of receipt of the written request, the requesting Party may apply to the Court for relief within 21 days of the initial request.  Upon any such application to the Court, the burden shall be on the designating Party to show why its classification is proper.  Such application shall be treated procedurally as a motion to compel pursuant to Federal Rule of Civil Procedure 37, subject to the Rule's provisions relating to sanctions.  In making such application, the requirements of the Federal Rules of Civil Procedure and the Local Rules of the Court shall be met.  Pending the Court's determination of the application, the designation of the designating Party shall be maintained.

21.     Each outside consultant or expert to whom DESIGNATED MATERIAL is disclosed in accordance with the terms of this Order shall be advised by counsel of the terms of this Order, shall be informed that they are subject to the terms and conditions of this Order, and shall sign an acknowledgment that they have received a copy of, have read, and have agreed to be bound by this Order.  A copy of the acknowledgment form is attached as Appendix A.

22.     To the extent that any discovery is taken of persons who are not Parties to this Action ("Third Parties") and in the event that such Third Parties contend the discovery sought involves trade secrets, confidential business information, or other proprietary information, then such Third Parties may agree to be bound by this Order.

23.     To the extent that discovery or testimony is taken of Third Parties, the documents, information or other material  may be designated, in whole or in part, as "CONFIDENTIAL," "CONFIDENTIAL - ATTORNEYS' EYES ONLY," "CONFIDENTIAL - OUTSIDE ATTORNEYS' EYES ONLY," and/or "CONFIDENTIAL - SOURCE CODE."  The producing Third Party and any Party shall have ten (10) days after production of such documents, information, or other material to make such a designation.  Until that time period lapses or until such a designation has been made, whichever occurs sooner, all documents, information, or other material so produced or given shall be treated as "CONFIDENTIAL - OUTSIDE ATTORNEYS' EYES ONLY" in accordance with this Order.  Where a Third Party designates any documents, information, or other material as provided herein, experts previously disclosed and approved hereunder prior to said Third Party's production of any Protected Material need not be disclosed to said Third Party. Subsequently disclosed experts need not be disclosed to said Third Party before that Third Party's Protected Material may be disclosed thereto.

24.     If a Party is served with a subpoena issued by a court, arbitral, administrative, or legislative body, or with a court order issued in other litigation that compels disclosure of any information or items designated in this Action as "CONFIDENTIAL," "CONFIDENTIAL - ATTORNEYS' EYES ONLY," "CONFIDENTIAL - OUTSIDE ATTORNEYS' EYES

ONLY," or "CONFIDENTIAL - SOURCE CODE" that Party must:

(a) promptly notify in writing the designating Party. Such notification shall include a copy of the subpoena or court order;

(b) promptly notify in writing the person who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Order. Such notification shall include a copy of this Order; and

(c) cooperate with respect to all reasonable procedures sought to be pursued by the designating Party whose Protected Material may be affected.

If the designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL," "CONFIDENTIAL - ATTORNEYS' EYES ONLY," "CONFIDENTIAL - OUTSIDE ATTORNEYS' EYES ONLY," or "CONFIDENTIAL - SOURCE CODE" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the designating Party's express written permission. The designating Party shall bear the burden and expense of seeking protection in that court of its confidential material, and nothing in these provisions should be construed as authorizing or encouraging a receiving Party in this action to disobey a lawful directive from another court.

25. Within thirty (30) days of final termination of this Action, including any appeals, all DESIGNATED MATERIAL, including all copies, duplicates, abstracts, indexes, summaries, descriptions, and excerpts or extracts thereof (excluding excerpts or extracts incorporated into any privileged memoranda of the Parties), shall at the producing Party's election either be returned to the producing Party or be destroyed. The receiving Party shall verify the return or destruction by affidavit furnished to the producing Party, upon the producing Party's request.

26. The failure to designate documents, information, or material in accordance with this Order and the failure to object to a designation at a given time shall not preclude the filing of a motion at a later date seeking to impose such designation or challenging the propriety

thereof.  The entry of this Order and/or the production of documents, information, or material hereunder shall in no way constitute a waiver of any objection to the furnishing thereof, all such objections being hereby preserved.

27.  Any designating Party knowing or believing that any other Party is in violation of or intends to violate this Order and has raised the question of violation or potential violation with the other Party and has been unable to resolve the matter by agreement may move the Court for such relief as may be appropriate in the circumstances.  Pending disposition of the motion by the Court, the Party alleged to be in violation of or intending to violate this Order shall discontinue the performance of and/or shall not undertake the further performance of any action alleged to constitute a violation of this Order.

28.  Production of DESIGNATED MATERIAL shall not be deemed a publication of the documents, information, or material (or the contents thereof) produced so as to void or make voidable whatever claim the Parties may have as to the proprietary and confidential nature of the documents, information, or other material or its contents.

29.  Nothing in this Order shall be construed to effect an abrogation, waiver, or limitation of any kind on the rights of each of the Parties to assert any applicable discovery or trial privilege.

30.  Each of the Parties shall also retain the right to file a motion with the Court (a) to modify this Order to allow disclosure of DESIGNATED MATERIAL to additional persons or entities if reasonably necessary to prepare and present this Action; and (b) to apply for additional protection of DESIGNATED MATERIAL.

31.  Any person in possession of DESIGNATED MATERIAL will maintain appropriate administrative, technical, and organizational safeguards ("Safeguards") that protect the security and privacy of DESIGNATED MATERIAL.  The Safeguards will meet or exceed relevant industry standards and limit the collection, storage, disclosure, use of, or access to DESIGNATED MATERIAL solely to personnel and purposes authorized by this Order. As part of these Safeguards, each person will use a secure transfer method for all transfers or communication of DESIGNATED MATERIAL, and take reasonable measures to

password protect and encrypt DESIGNATED MATERIAL. Each person will ensure that anyone acting on that person's behalf is subject to the Safeguards or otherwise provides equivalent or greater protections for the security and privacy of DESIGNATED MATERIAL.

32.  If DESIGNATED MATERIAL is to be used during a deposition, the designating Party shall be permitted to specify the technology to be used to conduct the deposition with respect to that DESIGNATED MATERIAL (*e.g.*, for audio/video-conferencing and exhibits).

This Order shall be binding upon the Parties hereto, their attorneys, and their successors, executors, personal representatives, administrators, heirs, legal representatives, assigns, subsidiaries, divisions, employees, agents, retained consultants and experts, and any persons or organizations over which they have direct control.

**IT IS SO STIPULATED,** through Counsel of Record.

Dated: March 2, 2023                          /s/ *Andrew Hamill*

Counsel for Plaintiff Wildseed Mobile LLC

Dated: March 2, 2023                          /s/ *Paven Malhotra*

Counsel for Defendants Google LLC and YouTube, LLC

## ATTESTATION

Pursuant to Civil L.R. 5-1(i), I hereby attest that all other signatories listed, concur in this document's content and have authorized the filing of this document with the use of their electronic signature.

/s/ _Andrew Hamill

**IT IS ORDERED** that the forgoing Agreement is approved.

Dated: March 3, 2023          _____

William H. Orrick
UNITED STATES DISTRICT JUDGE

1
2
3
4
5
6

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

7
8
9
10
11
12
13

WILDSEED MOBILE LLC,              §        Case No. 3:22-cv-04928-WHO
                                 §
         Plaintiff,              §        **JURY TRIAL DEMANDED**
                                 §
    v.                           §
                                 §
GOOGLE LLC and YOUTUBE, LLC,     §
                                 §
         Defendants.             §
                                 §

14
15
16
17

**APPENDIX A**
**UNDERTAKING OF EXPERTS OR CONSULTANTS**
**REGARDING PROTECTIVE ORDER**

18
19
20
21
22
23
24
25
26
27
28

1    I, _____, declare that:

2

3    1.    My address is _____. My

4          current employer is _____. My

5          current occupation is _____.

6    2.    I have received a copy of the Protective Order in this action.  I have carefully read and

7          understand the provisions of the Protective Order.

8    3.    I will comply with all of the provisions of the Protective Order.  I will hold in confidence,

9          will not disclose to anyone not qualified under the Protective Order, and will use only for

10         purposes of this action any information designated as "CONFIDENTIAL,"

11         "CONFIDENTIAL - ATTORNEYS' EYES ONLY," "CONFIDENTIAL - OUTSIDE

12         ATTORNEYS' EYES ONLY," or "CONFIDENTIAL - SOURCE CODE" that is disclosed

13         to me.

14   4.    Promptly upon termination of these actions, I will return all documents and things

15         designated as "CONFIDENTIAL," "CONFIDENTIAL - ATTORNEYS' EYES ONLY,"

16         "CONFIDENTIAL - OUTSIDE ATTORNEYS' EYES ONLY," or "CONFIDENTIAL -

17         SOURCE CODE" that came into my possession, and all documents and things that I have

18         prepared relating thereto, to the outside counsel for the Party by whom I am employed.

19   5.    I hereby submit to the jurisdiction of this Court for the purpose of enforcement of the

20         Protective Order in this action.

21

22         I declare under penalty of perjury that the foregoing is true and correct.

23   Signature:    _____

24   Date:         _____

25

26

27

28